Rasha Gerges Shields (State Bar No. 218248)
rgergesshields@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Robert P. Ducatman (admitted *pro hac vice*)
rducatman@jonesday.com
Lisa B. Gates (admitted *pro hac vice*)
lgates@jonesday.com
Lucas R. Franklin (admitted *pro hac vice*)
lrfranklin@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Attorneys for Plaintiff
KAN-DI-KI, LLC, d/b/a DIAGNOSTIC
LABORATORIES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAN-DI-KI, LLC, d/b/a DIAGNOSTIC LABORATORIES, a California limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>B.O.N. CLINICAL LABORATORIES, LTD., a Nevada corporation,<br><br>        Defendant. | **CASE NO. CV 15-05199 SVW (PLA)**<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>[Discovery Matter: Referred to Magistrate Judge Paul L. Abrams] |

The Court has received, read, and considered the parties' Stipulation for Entry of Protective Order. In light of the parties' Stipulation, and good cause appearing therefor, IT IS HEREBY ORDERED as follows:

A. Scope

1. This Protective Order shall govern the handling and disclosure of all documents, things and information produced, furnished or created during the course of this action, including any materials or information sought from a non-party who receives a subpoena in connection with this action or otherwise produces materials or information in this action. The information protected includes, but is not limited to: materials and information produced in response to requests for production of documents; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition testimony, exhibits, transcripts, and videotapes; all other discovery, pleadings, briefs, memoranda, affidavits, transcripts; and other materials furnished by or on behalf of any party to this action.

2. This Protective Order applies to all documents and information produced in this action regardless of whether such document or information was produced prior to or after entry of this Protective Order.

3. Nothing in this Protective Order is intended to conflict with the applicable Local Rules. Insofar as anything in this Protective Order could be interpreted as conflicting with the applicable Local Rules, the Local Rules will govern. Any use of confidential information during a court hearing or at trial shall be governed by the orders of the presiding judge.

4. Nothing in this Protective Order, nor the production of any documents or disclosure of any information pursuant to this Protective Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence or any applicable common law or statutory privilege or work product protection, by any party or other subscriber to this Protective Order; (ii) altering the confidentiality or nonconfidentiality of any such information; or (iii) altering any

existing obligation of any party or other subscriber, or the absence of such obligation.

B.      Confidential and Highly Confidential Information

5.      "Confidential Information" shall include non-public information, including but not limited to, personal, confidential, or proprietary information that requires the protections provided in this Protective Order.

6.      "Highly Confidential Information" shall include non-public, commercially or personally sensitive or commercially valuable information that a producing party in good faith believes is likely to cause injury or loss to the producing party or to another person or entity if it is disclosed other than as permitted by this Protective Order.

7.      Information prepared or derived by utilizing Confidential or Highly Confidential documents or testimony shall also be considered "Confidential" or "Highly Confidential" pursuant to this Protective Order.

8.      Any party may designate as "Confidential" or "Highly Confidential" any material or testimony disclosed, produced, or created in the course of this litigation if such party believes in good faith that such material or testimony contains personal, confidential, proprietary, or commercially sensitive information that requires the protections provided for in this Protective Order.  Said designation shall be done in the manner set forth in this Protective Order, or by written agreement of the parties.

9.      Where (i) a party (other than the designating party) already possessed, or has access to from sources other than the disclosing party as of the date of this Protective Order, copies of documents or materials that have been designated Confidential or Highly Confidential, and (ii) such copies were as of the date of this Protective Order (and have remained at all relevant times) possessed by the party without being subject to any restrictions relating to confidentiality or right of dissemination, then such copies shall not be considered Confidential or Highly

1   Confidential under the terms of this Protective Order.

2        10.   Material or testimony designated Confidential or Highly Confidential

3   shall be used or disclosed solely for the purposes of this litigation, including

4   without limitation written discovery, depositions, preparation of motions, trial and

5   preparation for trial, appeals of this lawsuit, settlement discussions and

6   negotiations, or any form of alternative dispute resolution of this litigation.

7   Confidential Information and Highly Confidential Information shall be used for no

8   other purpose whatsoever. Nothing in this Protective Order shall preclude any

9   party or its representative from discussing the progress, theories, or legal strategies

10  in this litigation with persons not covered by this Protective Order, provided that

11  Confidential Information or Highly Confidential Information is not disclosed.

12  Confidential Information may be disclosed only in accordance with Paragraph 14.

13  Highly Confidential Information may be disclosed only in accordance with

14  Paragraph 15.

15       11.   All or any part of a document or a tangible item disclosed, produced,

16  or created by any party in the litigation may be designated Confidential or Highly

17  Confidential by the disclosing party by marking the words "Confidential" or

18  "Highly Confidential" on the face of the document and each page so designated, or

19  in the case of electronic data (*e.g.*, floppy disks, DVD, or CD-Rom), by the

20  disclosing party placing the same confidentiality legend on the surface of the floppy

21  disk, DVD, or CD-Rom.

22  C.    Designating Deposition Testimony

23       12.   Any party may designate deposition testimony, or any portion or

24  exhibit thereof, as Confidential or Highly Confidential by advising all parties in

25  attendance of such fact, either during the deposition or after (but no later than ten

26  (10) days after the transcript is available). Any party may designate documents or

27  other materials produced by a non-party as "Confidential" or "Highly Confidential"

28  by notifying all parties and the non-party of such designation no later than ten (10)

1    days after receipt of such documents or materials by the designating party.  Such
2    notice shall be made with reference to the Bates numbers or other sufficiently
3    definite description of the documents designated, and shall specify the Confidential
4    or Highly Confidential designation as appropriate.

5    D.    <u>Non-Party Designation of Confidential Information</u>

6          13.    Any non-party may designate any discovery material or testimony
7    taken from it, whether pursuant to subpoena or by agreement, as "Confidential" or
8    "Highly Confidential" pursuant to the terms of this Protective Order.  In addition, in
9    the case of deposition testimony, such designation may be made orally on the
10   record at the relevant deposition.  Discovery material or testimony designated
11   "Confidential" or "Highly Confidential" by a non-party shall thereafter be handled
12   in accordance with the requirements of this Protective Order.

13   E.    <u>Restrictions on the Disclosure of Confidential Information</u>

14         14.    Confidential Information and the substance of the same may be
15   disclosed only to:

16         (a)    Counsel of record for the parties and their supporting personnel
17                who are assisting in the prosecution, defense, or settlement of
18                this action;

19         (b)    The individual parties to this action;

20         (c)    Any present or former officers, directors, and employees of the
21                parties to this action;

22         (d)    The author of the document, original source of information, and
23                recipient of document;

24         (e)    Deposition witnesses in preparation for or during the course of
25                their deposition testimony, or trial witnesses in preparation for
26                or during the course of their trial testimony;

27         (f)    Expert   witnesses   and   other   consultants   (including   their
28                supporting personnel) who are consulted by counsel for any

1    party to this action in preparation of this case, provided that,

2    prior to disclosure of any protected information to any such

3    expert or consultant, the expert or consultant shall be provided

4    with a copy of this Agreement and execute the "Undertaking of

5    Qualified Recipient Pursuant to Protective Order" attached as

6    Exhibit A hereto.   Any such "Undertaking of Qualified

7    Recipient Pursuant to Protective Order" shall be signed and

8    circulated to all parties prior to the disclosure of any protected

9    information to the signor; and

10    (g)    The Court and Court personnel; court reporters and their

11    personnel employed in connection with this action; and any

12    other person only upon order of the Court or upon prior written

13    consent of the designating party.

14    F.    Restrictions on the Disclosure of Highly Confidential Information

15    15.    Highly Confidential Information and the substance of the same may be

16    disclosed only to:

17    (a)    Expert witnesses and other consultants (including their

18    supporting personnel) who are consulted by counsel for any

19    party to this action in preparation of this case, provided that,

20    prior to disclosure of any protected information to any such

21    expert or consultant, the expert or consultant shall be provided

22    with a copy of this Agreement and execute the "Undertaking of

23    Qualified Recipient Pursuant to Protective Order" attached as

24    Exhibit A hereto.   Any such "Undertaking of Qualified

25    Recipient Pursuant to Protective Order" shall be signed and

26    circulated to all parties prior to the disclosure of any protected

27    information to the signor;

28    (b)    Outside counsel for parties that have appeared in this action,

regular employees of such counsel, and outside service providers hired by such counsel;

(c)     The author of the document, original source of information, and recipient of document; and

(d)     The Court and Court personnel; court reporters and their personnel employed in connection with this action; and any other person only upon order of the Court or upon prior written consent of the designating party.

G.     Court Filings

16.     If any person wishes to submit any Confidential or Highly Confidential Information to the Court, the person shall, unless directed by the Court to do otherwise, seek approval from the Court to file the document(s) under seal and comply with all of the requirements set forth in Local Rule 79-5, including the procedures requiring the electronic filing of under seal documents.

H.     Use of Confidential Information at Pre-Trial or Trial Proceedings

17.     This Protective Order does not govern the conditions under which Confidential or Highly Confidential Information can be used at pre-trial or trial proceedings.  The parties, however, stipulate to provide at least seven days notice to the designating party of any Confidential or Highly Confidential Information that the receiving party reasonably anticipates that it may use at a pre-trial hearing so that the designating party can take steps in advance of any such hearing to seek a separate protective order regarding the use or disclosure of such Confidential or Highly Confidential Information.

I.     Inadvertent Failure to Designate

18.     If a party produces information that it considers Confidential Information or Highly Confidential Information, in whole or in part, without the required designations, it may designate such information or documents or parts thereof after production.

J.      Challenges to Confidentiality Designation

19.     Within the discovery period established by the District Judge, any party may challenge a designation of "Confidential" or "Highly Confidential," where it reasonably and in good faith believes that such designation is both improper and inconsistent with the descriptions of Confidential Information and Highly Confidential Information set forth herein, or where it can demonstrate that the removal of such designation is necessary for the prosecution or defense of that party's case.  The challenging party shall (i) serve written notice of its objection to the designating party, identifying specifically the information as to which the challenging party wishes to have the designation removed, and (ii) make a good-faith effort as required by the rules of Court to resolve its dispute with the designating party.  Only after completion of the foregoing, the challenging party may move the Court for an order vacating the designation pursuant to the procedures set forth in Local Rule 37.  Should the parties need to file the Joint Stipulation required by Local Rule 37 under seal, the parties shall file a stipulation setting forth good cause as to why the Joint Stipulation or portions thereof should be filed under seal.  While such a motion is pending, the information in question shall be treated as it was originally designated (i.e., "Confidential" or "Highly Confidential") pursuant to this Protective Order.

K.      Inadvertent Production of Privileged Materials

20.     If documents or testimony designated Confidential or Highly Confidential that is subject to a claim of attorney-client privilege, attorney work product, or any other privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other privilege or immunity.

a.      A claim of inadvertent production shall constitute a

1   representation by that producing party that the Inadvertent Production Material has

2   been reviewed by an attorney for such producing party and that there is a good-faith

3   basis for such claim of inadvertent production.

4         b.    If a claim of inadvertent production is made pursuant to this

5   Protective Order, with respect to documents then in the custody of another party,

6   the party possessing the Inadvertent Production Material shall: (i) refrain from any

7   further examination or disclosure of the claimed Inadvertent Production Material;

8   (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent

9   Production Material and all copies thereof (including summaries and excerpts) to

10   counsel for the Producing Party, or destroy all such claimed Inadvertent Production

11   Material (including summaries and excerpts) and all copies thereof, and certify in

12   writing to that fact; and (iii) not use the Inadvertent Production Material for any

13   purpose until further order of the Court.

14         c.    A Party may move the Court for an order compelling production

15   of the claimed Inadvertent Production Material in accordance with the applicable

16   Local Rules; however, while such motion is pending, the discovery material in

17   question shall be treated as Inadvertent Production Material, and such motion may

18   not assert as a ground for entering such an order the fact or circumstance of the

19   inadvertent production, nor shall such motion include or otherwise disclose, as an

20   attachment, exhibit, or otherwise, the Inadvertent Production Material (or any

21   portion thereof) that is the subject of such motion.

22   L.    <u>Disposition Upon Conclusion</u>

23       21.    Within 30 days after receiving notice of the entry of an order,

24   judgment, or decree finally disposing of this litigation, or any other proceeding in

25   which Confidential or Highly Confidential documents or testimony is permitted to

26   be used, including the exhaustion of all possible appeals, and upon the written

27   request of the producing party, all persons having received Confidential or Highly

28   Confidential documents or testimony shall either (i) make a good-faith and

1    reasonable effort promptly to return such material and all copies thereof (including

2    summaries, excerpts, and derivative works) to counsel for the producing party; or

3    (ii) make a good-faith and reasonable effort promptly to destroy all such documents

4    and testimony, and certify to that fact in writing to counsel for the producing party.

5    However, counsel for the parties shall be entitled to retain court papers, deposition

6    and trial transcripts, and litigation files (including attorney work product and

7    discovery material containing Confidential or Highly Confidential documents or

8    testimony), provided that such counsel, and employees of such counsel, shall

9    maintain the confidentiality thereof and shall not disclose such court papers,

10   depositions and trial transcripts, and litigation files (including attorney work

11   product and discovery material containing Confidential or Highly Confidential

12   documents or testimony) to any person except pursuant to a court order or

13   agreement by the producing party or except as otherwise required by law.  All

14   materials returned to the parties or their counsel by the Court likewise shall be

15   disposed of in accordance with this paragraph.

16   M.    Subpoenas

17        22.   If any person in possession of Confidential or Highly Confidential

18   documents or testimony (the "Receiver") receives a subpoena or other compulsory

19   process seeking the production or other disclosure of Confidential or Highly

20   Confidential documents or testimony produced or designated as "Confidential" or

21   "Highly Confidential" by a producing party other than the Receiver (collectively, a

22   "Demand") while this Protective Order is in effect, the Receiver shall give written

23   notice (by hand, email, or facsimile transmission) to counsel for the producing party

24   within three business days of receipt of such Demand (or if a response to the

25   Demand is due in less than three business days, at least 24 hours prior to the

26   deadline for a response to the Demand), identifying the Confidential or Highly

27   Confidential documents or testimony sought and enclosing a copy of the Demand,

28   and must object to the production of the Confidential or Highly Confidential

1  documents or testimony on the grounds of the existence of this Protective Order.
2  The burden of opposing the enforcement of the Demand will fall on the producing
3  party.  Nothing herein shall be construed as requiring the Receiver or anyone else
4  covered by this Protective Order to challenge or appeal any order requiring
5  production of Confidential or Highly Confidential documents or testimony covered
6  by this Protective Order, or to subject itself to any penalties for noncompliance with
7  any legal process or order, or to seek any relief from this Court or any other court.
8  Compliance by the Receiver with any order directing production pursuant to a
9  Demand of any Confidential or Highly Confidential documents or testimony will
10  not constitute a violation of this Protective Order.

11       23.   No Receiver shall reveal any Confidential or Highly Confidential
12  documents or testimony, or the information contained therein, to anyone not
13  entitled to receive such Confidential or Highly Confidential documents or
14  testimony under the terms of this Protective Order.  In the event that Confidential or
15  Highly Confidential documents or testimony is disclosed to any person other than
16  in the manner authorized by this Protective Order, or that any information comes to
17  the Receiver's attention that may indicate there was or is likely to be a loss of
18  confidentiality of any Confidential or Highly Confidential documents or testimony,
19  the Receiver responsible for the disclosure or loss of confidentiality shall
20  immediately inform the producing party of all pertinent facts relating to the
21  disclosure or loss of confidentiality, including, if known, the name, address, and
22  employer of each person to whom the disclosure was made.  The Receiver
23  responsible for the disclosure or loss of confidentiality shall also make reasonable
24  efforts to prevent disclosure of Confidential or Highly Confidential documents or
25  testimony by each unauthorized person who receives the information.

26  N.   <u>Jurisdiction</u>

27       24.   Unless prohibited by a statute, court order, or applicable rule, the
28  parties may extend or modify deadlines under this Protective Order by written

1   stipulation amongst themselves or, where applicable, with third parties.  The Court

2   retains jurisdiction to amend or modify this Protective Order upon stipulation of the

3   parties, motion by a party or non-party, or on its own motion.

4        25.    This Protective Order, and any dispute arising out of or relating in any

5   way to this Protective Order, whether in contract, tort or otherwise, shall be

6   governed by and construed in accordance with the laws of the State of California,

7   without regard to the conflict of laws principles.  Each of the parties (a) irrevocably

8   submits to the personal jurisdiction of any state or federal court sitting in Los

9   Angeles, California as well as to the jurisdiction of all courts to which an appeal

10  may be taken from such courts, in any suit, action or proceeding arising out of or

11  relating to this Protective Order, (b) agrees that all claims in respect of such suit,

12  action or proceeding shall be brought, heard and determined exclusively in the

13  United States District Court, Central District of California (provided that, in the

14  event that subject matter jurisdiction is unavailable in that court, then all such

15  claims shall be brought, heard and determined exclusively in any other state or

16  federal court sitting in Los Angeles, California), (c) agrees that he, she or it shall

17  not attempt to deny or defeat such personal jurisdiction by motion or other request

18  for leave from such court, (d) agrees not to bring any action or proceeding arising

19  out of or relating to this Protective Order in any other court, and (e) expressly

20  waives, and agrees not to plead or to make any claim that any such action or

21  proceeding is subject (in whole or in part) to a jury trial.  Each of the parties waives

22  any defense of inconvenient forum to the maintenance of any action or proceeding

23  brought in accordance with this paragraph.  Each of the parties further agrees to

24  waive any bond, surety or other security that might be required of any other party

25  with respect to any action or proceeding concerning this Protective Order, including

26  any appeal thereof.  Each of the parties further consents and agrees that process in

27  any suit, action or proceeding concerning this Protective Order may be served on

28  such party by certified mail, return receipt requested, addressed to such party or

such party's registered agent in the state of its incorporation or organization, or in any other manner provided by law.

O.    Right to Further Relief

26.    The parties reserve the right to apply, pursuant to the Federal Rules of Civil Procedure or this Court's Local Rules, upon short notice, for an order seeking additional safeguards with respect to the use and handling of the discovery material or to modify the terms of this Protective Order.

27.    This Protective Order is subject to revocation or modification by order of the Court upon written stipulation or motion of the parties.   This Protective Order may be amended by the Court to prevent manifest injustice, and shall be amended to conform to any future amendments of the Federal Rules of Civil Procedure or this Court's Local Rules.

P.    Order to Remain in Force

28.    This Protective Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

IT IS SO ORDERED.

Dated:   12/15/15

_____
THE HONORABLE PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

AFFIDAVIT OF _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Confidentiality and Protective Order attached hereto, and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court, Central District of California, in the above captioned case and binds me to the provisions of the Stipulated Confidentiality and Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This _____ day of _____, 201___.


_____
AFFIANT


SUBSCRIBED AND SWORN to before me
this ____ day of _____, 201___.


_____
NOTARY PUBLIC
Name: _____
No.:_____
My Commission Expires: _____